1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10  ALYSSA IZZO and JOHN WILSON, on behalf
    of themselves and all others similarly situated,

11                                    Plaintiffs,

12      vs.

13

14  PEOPLECONNECT, INC., a Delaware
    corporation,

15

16                                    Defendant.

17

NO.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

18
19

## I.  NATURE OF ACTION

20       1.       Plaintiffs Alyssa Izzo and John Wilson (Plaintiffs") and members of the proposed

21  class (the "Class" or "Class Members") seek damages, an injunction, and additional relief from

22  Defendant PeopleConnect Inc. ("PeopleConnect" or "Classmates"), which owns and operates

23  the website www.classmates.com. PeopleConnect used Plaintiffs' and Class Members' names

24  and personas to promote paid subscriptions to the Classmates website without consent in

25  violation of Ohio's right of publicity statute, Ohio Rev. Code § 2741, and Ohio common law

26  prohibiting misappropriation of a name or likeness.

27

CLASS ACTION COMPLAINT - 1

2.      Plaintiffs and Class Members are private individuals who have no relationship with PeopleConnect. Plaintiffs and the Class have never used Classmates.com, nor did they provide their names, photographs, or any other personal information to Classmates.

3.      Plaintiffs were seriously distressed to discover that PeopleConnect is using decades-old photographs of Plaintiffs and the Class as minor children to advertise paid subscriptions to Classmates.com.

4.      Plaintiffs and the Class did not consent to PeopleConnect using their photographs to promote Classmates.com subscriptions, nor did they consent to Classmates sharing their photographs as minors to a worldwide audience on the Internet.

5.      PeopleConnect advertises and promotes paid subscriptions to the Classmates website by displaying Plaintiffs' and Class Members' names and photographs on advertising webpages published on the Internet. PeopleConnect displays Plaintiffs' and Class Members' names and photographs in low-resolution and volume-limited formats for free. Users who click to see high-resolution versions, or who attempt to view more than two low-resolution photographs, receive a message saying they must purchase a paid subscription.

6.      PeopleConnect provides a publicly accessible landing page on which users may search, and have searched, by name and location for Plaintiffs and Class Members. In response to searches for Plaintiffs and Class Members, Classmates delivered a list of photographs in its possession showing the Plaintiffs' and Class Members' faces.

7.      PeopleConnect initially displayed low-resolution versions of Plaintiffs' and Class Members' photographs. Users who clicked on a photograph looking for a higher-resolution photograph were shown pop-up messages asking them to register for a Classmates.com membership at a cost of $3 per month.

8.      PeopleConnect also displayed messages adjacent to the Plaintiffs' and Class Members' photographs soliciting the purchase of a Classmates subscription for "as low as $1.23 a month."

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

9.      By using Plaintiffs' and Class members' names and photographs as minor children in its advertising, PeopleConnect knowingly mislead the public into believing Plaintiffs and Class Members are Classmates.com users who willingly shared their personal information with Classmates.com and endorse Classmates.com's subscription product.

10.     In fact, Plaintiffs and the Class have no relationship with PeopleConnect, had no knowledge their photographs as minors were being used, and do not approve of PeopleConnect's use of their names, photographs, and personas to advertise Classmates.com subscriptions and products. Classmates' website and advertisements fail to disclose that Plaintiffs and the Class are unaffiliated with PeopleConnect and Classmates.com.

11.     PeopleConnect does not present Plaintiffs' and Class Members' photographs as samples advertising the purchase of the photographs themselves. PeopleConnect uses Plaintiffs' and Class Members' names and photographs to advertise subscriptions to Classmates.com.

12.     A Classmates.com subscription includes far more than access to the photographs Classmates used to advertise the subscription. At a cost of $3 per month, a subscription to Classmates.com delivers a wide range of services, including: access to full-resolution student photographs from hundreds of thousands of yearbooks; visibility into who has visited the subscriber's profile; and the ability to read and reply to messages sent by other subscribers.

13.     PeopleConnect is the sole author, designer, and implementor of the advertising techniques and messages giving rise to this lawsuit. PeopleConnect does not host user-generated content on any part of the Classmates website relevant to this lawsuit. PeopleConnect is the sole curator, designer, and creator of the content described in this Complaint.

14.     Plaintiffs do not know how PeopleConnect obtained their photographs as children. PeopleConnect does not disclose how it obtained copies of Plaintiffs' and Class Members' school yearbooks.

CLASS ACTION COMPLAINT - 3

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

15.     PeopleConnect misappropriated Plaintiffs' and Class Members' photographs without permission from Plaintiffs or the Class, the photographers who took the pictures, the authors who created the school yearbooks, or the publishers of the school yearbooks.

16.     On information and belief, PeopleConnect received no indication from yearbook authors or publishers that the authors or publishers intended their work to be published on the Internet or used to promote Classmates.com subscriptions.

17.     PeopleConnect does not hold copyright in Plaintiffs' or Class members' yearbooks, nor does it have permission from the copyright holder to republish or distribute Plaintiffs' or Class members' yearbooks.

18.     Consent is not all or nothing. As minors, Plaintiffs and the Class had their photographs taken for school yearbooks intended solely for print distribution among a narrow circle of friends, family, and schoolmates. Plaintiffs' yearbooks were originally produced decades ago when the Internet was in its infancy. Plaintiffs and the Class did not consent to the commercial use of their photographs to promote a website, nor to the worldwide distribution of their photographs on the Internet.

19.     PeopleConnect fails to provide any effective mechanism by which Plaintiffs or the Class may request that their photographs and personal information be removed from Classmates' website. Nor does Classmates allow Plaintiffs or the Class to opt out of the use of their photographs as minors in advertisements for subscriptions and yearbook reprints.

20.     Ohio law recognizes the intellectual property and privacy rights of Ohio residents in controlling the use of their names, voices, photographs, images, likenesses, and personalities for commercial purposes.

21.     By using Plaintiffs' and Class members' photographs, names, and personas in advertisements for website subscriptions without consent, PeopleConnect violated their intellectual property and privacy rights. Plaintiffs and the Class have the right not to have their personas exploited to promote a product with which they have no relationship and no interest in

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

supporting. Plaintiffs and the Class have an economic interest in their personas, which PeopleConnect has stolen, and a privacy interest in their personas, which PeopleConnect has violated.

22.     By these actions, PeopleConnect has violated the Ohio Right of Publicity, codified in Ohio Rev. Code § 2741, and Ohio common law prohibiting misappropriation of a name or likeness. Plaintiffs and the Class have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through PeopleConnect's unlawful profiting from its exploitation of their names, personas, and personal information; and through harm to peace of mind. Plaintiffs and the Class are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their personas, restitution of the value of their personas, an injunction prohibiting PeopleConnect's unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

## II.  JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA"), because: (A) members of the putative class are citizens of a state different from at least one defendant. Defendant PeopleConnect, Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. The Plaintiffs and Class members are current and former residents of Ohio. (B) The proposed Class consists of at least 100 members. Classmates advertises that its yearbook collection includes "over 400,000 yearbooks," photographs from all of which are used in the advertising techniques described in this Complaint. While Classmates does not publish statistics breaking down the number of photographs by state, a conservative estimate places the number of photographs of current and former Ohio residents in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Ohio Rev. Code § 274.07 provides for "statutory damages in the amount of at least two thousand five hundred dollars and not more than ten thousand dollars" or

CLASS ACTION COMPLAINT - 5

"[a]ctual damages, including any profits derived from and attributable to the unauthorized use," plus the possibility of "punitive or exemplary damages." Because Classmates is using millions of photographs of current and former Ohio residents to advertise its website, the amount in controversy is well over the jurisdictional limit.

24.    This Court has general personal jurisdiction over Classmates because its headquarters and principal place of business is in this state and district.

25.    Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district.

## III.  PARTIES

26.    Plaintiff Alyssa Izzo is a resident of Ohio. Ms. Izzo resides in Zanesville, Ohio.

27.    Ms. Izzo has never visited, used, or subscribed to the website Classmates.com.

28.    Ms. Izzo attended Morgan High School in McConnelsville, Ohio, from which she graduated in 1998.

29.    Plaintiff John Wilson is a resident of Ohio. Mr. Wilson resides in Malta, Ohio.

30.    Mr. Wilson has never visited, used, or subscribed to the website Classmates.com.

31.    Mr. Wilson attended Morgan High School in McConnelsville, Ohio, from which he graduated in 1998.

32.    Defendant PeopleConnect, Inc. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," "InstantCheckmate," "Intelius," and other brand names associated with websites and services it owns and operates. Defendant owns and operates the website www.classmates.com.

## IV.  NO AGREEMENT TO ARBITRATE

33.    There are several pending related lawsuits against PeopleConnect in which the plaintiffs allege right of publicity and common law misappropriation claims based on PeopleConnect's use of yearbook photographs in advertisements. The related suits are: *Callahan*

CLASS ACTION COMPLAINT - 6

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

*v. PeopleConnect*, No. 3:20-cv-09203 (N.D. Cal., complaint filed Dec. 18, 2020); *Knapke v. PeopleConnect*, No. 2:21-cv-00262 (W.D. Wash., complaint filed Mar. 2, 2021); *Boshears v. PeopleConnect*, No. 2:21-cv-01222 (W.D. Wash., complaint filed Sept. 7, 2021); and *Bonilla v. PeopleConnect*, No. 1:21-cv-0051 (N.D. Ill., complaint filed Jan. 5, 2021).

34.     In all the pending related lawsuits, PeopleConnect argued that even though the named plaintiffs were not subscribers and had never used classmates.com, they were nevertheless subject to the arbitration clause contained with the classmates.com Terms of Service. PeopleConnect argued that because plaintiffs' counsel included screenshots they had obtained from classmates.com in the complaints, the named plaintiffs benefited from their counsel visiting classmates.com. PeopleConnect argued that the named plaintiffs were therefore bound to arbitration, either as third-party beneficiaries to an agreement between counsel and PeopleConnect, or because counsel were acting as "agents" on behalf of the named plaintiffs. *See, e.g.*, Ex. 1, at *23 (Opening Brief filed by PeopleConnect in the *Callahan* appeal arguing "Plaintiffs have in fact benefitted" because "[t]he information and screenshots [counsel] compiled appeared in Plaintiffs' complaint to support their claims"); Ex. 2, at *14-17 (Motion to Dismiss filed by PeopleConnect in *Boshears* arguing (1) that counsel's opting out of the arbitration clause was ineffective and (2) that "Plaintiff plainly benefited from [counsel]'s agreement to the TOS" because "[h]ad [counsel] not accessed Classmates.com, Plaintiffs' Complaint would lack the screenshots used to support the allegations").

35.     Two District Courts have rejected PeopleConnect's arbitration arguments. *Knapke*, 2021 WL 3510350 at *2-3; *Callahan*, 2021 WL 1979161, at *6-7. No courts have accepted them.

36.     In both *Callahan* and *Knapke*, PeopleConnect has appealed the arbitration issue to the Ninth Circuit and successfully obtained stays of the district court cases pending resolution of the appeal. *See Callahan*, No. 21-16040 (9th Cir., docketed Jun. 17, 2021); *Knapke*, No. 21-35690 (9th Cir., docketed Aug. 20, 2021).

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

37.     To avoid the risk that PeopleConnect again raises a frivolous arbitration argument and further wastes judicial resources, Plaintiffs' counsel prepared this complaint without including screenshots from the Classmates.com website. Instead, Plaintiffs allege on information and belief that Plaintiffs' photographs appear on the Classmates.com website.

38.     Plaintiffs are willing to file an amended complaint including screenshots gathered from the Classmates.com website, subject to an agreement and stipulation from PeopleConnect that counsel's visiting the website to investigate Plaintiffs' claims and including screenshots in the Complaint does not constitute an agreement to arbitrate and does not waive any of Plaintiffs' rights.

39.     On December 21, 2021, Plaintiffs' counsel sent a letter to PeopleConnect's outside counsel, Ms. Debbie L. Berman. Ex. 3. Plaintiffs' counsel wrote that "Mr. Wilson and Ms. Izzo do not consent to arbitration of any claims they may have against PeopleConnect. Mr. Wilson and Ms. Izzo do not authorize their counsel in this putative case to consent to arbitration on their behalf. Mr. Wilson and Ms. Izzo do not, and have not, ratified any agreements to arbitrate made by anyone with your client, PeopleConnect."

40.     In the same letter, Plaintiffs' counsel requested that PeopleConnect's counsel, Ms. Debbie L. Berman, confirm by December 23, 2021, that "by Plaintiffs' counsel visiting Classmates.com to conduct a Rule 11 investigation, Mr. Wilson and Ms. Izzo have not sacrificed any of their rights, including but not limited to the right to pursue litigation in federal court."

41.     On January 5, 2022, Ms. Berman responded to this request stating that PeopleConnect would not agree that Plaintiffs' counsel's Rule 11 investigation of Mr. Wilson's and Ms. Izzo's claims against PeopleConnect would not bind Mr. Wilson and Ms. Izzo to arbitration. Ex. 4.

42.     As a result, and to avoid prejudicing Plaintiffs' rights to litigate in the forum of their choice, Plaintiffs' counsel prepared this complaint without including screenshots from the Classmates.com website.

CLASS ACTION COMPLAINT - 8

## V.  FACTUAL ALLEGATIONS

**Plaintiff Alyssa Izzo**

43.     Plaintiff Alyssa Izzo is a private individual who has no relationship with PeopleConnect. She has never visited, used, or subscribed to Classmates.com.

44.     Ms. Izzo did not give consent to PeopleConnect to use her name, photograph, likeness, or persona in any way. Had PeopleConnect requested her consent, Ms. Izzo would not have provided it.

45.     Ms. Izzo highly values her personal privacy, and her ability to control and prevent the commercial use and distribution of her persona without her consent.

46.     On information and belief, PeopleConnect uses Ms. Izzo's photographs as a minor child in advertisements promoting subscriptions to its website.

47.     On information and belief, the photographs clearly identify Ms. Izzo. Her face is plainly visible and identifiable. The photographs are subtitled with her name and accompanied by information identifying Ms. Izzo's city of residence and high school.

48.     On information and belief, Classmates.com provides a publicly accessible page on which users may search, and have searched, by name and/or location for Ms. Izzo and other Class Members.

49.     On information and belief, users who searched for Ms. Izzo received in response a list of results, which include low-resolution photographs depicting Ms. Izzo as a minor.

50.     On information and belief, users who clicked on Ms. Izzo's photographs seeking higher-resolution versions received a pop-up message asking the user to register with the site. The user was required to interact with the pop-up to continue viewing Ms. Izzo's photographs.

51.     On information and belief, after the users registered, PeopleConnect displayed a screen soliciting the purchase of a paid subscription to Classmates.com for $3 per month.

52.     On information and belief, PeopleConnect displayed banner ads adjacent to the search results containing Ms. Izzo's photographs. The banner ads solicited the purchase of a

CLASS ACTION COMPLAINT - 9

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

subscription to Classmates.com. Users who clicked on the ads were brought to a page soliciting a subscription to Classmates.com for $3 per month.

53.     On information and belief, PeopleConnect's sole purpose in using Ms. Izzo's photograph, name, and persona on its website was to solicit the purchase of paid subscriptions to Classmates.com.

54.     Ms. Izzo does not know how PeopleConnect obtained her photographs as a minor child.

55.     On information and belief, PeopleConnect misappropriated Ms. Izzo's photographs from her high school yearbook without permission from Ms. Izzo, the photographer who took her pictures, the authors who created her high school yearbooks, or the publishers of her high school yearbooks.

56.     PeopleConnect does not hold a copyright in yearbooks from Ms. Izzo's high school, nor does it have permission from the copyright holder to republish or distribute the yearbooks or the photographs contained therein.

57.     Ms. Izzo has intellectual property and privacy interests in her photograph, name, likeness, and persona recognized by Ohio statutory and common law. She has the right to exclude anyone from making commercial use of her likeness without her permission.

58.     Classmates has injured Ms. Izzo by taking her intellectual property without compensation; by invading her privacy rights protected by statute and by common law; and by unlawfully profiting from its exploitation of her personal information.

59.     PeopleConnect's illegal actions caused Ms. Izzo mental injury and disturbed her peace of mind. Ms. Izzo is upset and disturbed by PeopleConnect's use of her name and photograph without his consent. Ms. Izzo believes her persona is rightly hers to control.

60.     PeopleConnect's illegal use has left her worried and uncertain about her inability to control how her name and personality is used. Ms. Izzo feels that PeopleConnect's use of her photograph and name is an alarming invasion of her privacy.

CLASS ACTION COMPLAINT - 10

61.     Ms. Izzo is deeply uncomfortable in the knowledge that PeopleConnect is distributing her name and photographs as a minor child publicly on the Internet for a commercial purpose to a worldwide audience. Ms. Izzo believes PeopleConnect's illegal actions encourage and enable stalking and pedophilic behaviors.

**Plaintiff John Wilson**

62.     Plaintiff John Wilson is a private individual who has no relationship with PeopleConnect. He has never visited, used, or subscribed to Classmates.com.

63.     Mr. Wilson did not give consent to PeopleConnect to use his name, photograph, likeness, or persona in any way. Had PeopleConnect requested his consent, Mr. Wilson would not have provided it.

64.     Mr. Wilson highly values his personal privacy, and his ability to control and prevent the commercial use and distribution of his persona without his consent.

65.     On information and belief, PeopleConnect uses Mr. Wilson's photographs as a minor child in advertisements promoting subscriptions to Classmates.com.

66.     On information and belief, the photographs clearly identify Mr. Wilson. His face is plainly visible and identifiable. The photographs are subtitled with his name and accompanied by information identifying Mr. Wilson's city of residence and high school.

67.     On information and belief, Classmates.com provides a publicly accessible page on which users may search, and have searched, by name and/or location for Mr. Wilson and other Class Members.

68.     On information and belief, users who searched for Mr. Wilson received in response a list of results, which include low-resolution photographs depicting Mr. Wilson as a minor.

69.     On information and belief, users who clicked on Mr. Wilson's photographs seeking higher-resolution versions received a pop-up message asking the user to register with

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

the site. The user was required to interact with the pop-up to continue viewing Mr. Wilson's photographs.

70.     On information and belief, after the users registered, PeopleConnect displayed a screen soliciting the purchase of a paid subscription to Classmates.com for $3 per month.

71.     On information and belief, PeopleConnect displayed banner ads adjacent to the search results containing Mr. Wilson's photographs. The banner ads solicited the purchase of a subscription to Classmates.com. Users who clicked on the ads were brought to a page soliciting a subscription to Classmates.com for $3 per month.

72.     On information and belief, PeopleConnect's sole purpose in using Mr. Wilson's photograph, name, and persona on its website was to solicit the purchase of paid subscriptions to Classmates.com.

73.     Mr. Wilson does not know how PeopleConnect obtained his photographs as a minor child.

74.     On information and belief, PeopleConnect misappropriated Mr. Wilson's photographs from his high school yearbook without permission from Mr. Wilson, the photographer who took his pictures, the authors who created his high school yearbooks, or the publishers of his high school yearbooks.

75.     PeopleConnect does not hold a copyright in yearbooks from Mr. Wilson's high school, nor does it have permission from the copyright holder to republish or distribute the yearbooks or the photographs contained therein.

76.     Mr. Wilson has intellectual property and privacy interests in his photograph, name, likeness, and persona recognized by Ohio statutory and common law. He has the right to exclude anyone from making commercial use of his likeness without her permission.

77.     PeopleConnect has injured Mr. Wilson by taking his intellectual property without compensation; by invading his privacy rights protected by statute and by common law; and by unlawfully profiting from its exploitation of his personal information.

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

78.     PeopleConnect's illegal actions caused Mr. Wilson mental injury and disturbed his peace of mind. Mr. Wilson is upset and disturbed by PeopleConnect's use of his name and photograph without his consent. Mr. Wilson believes his persona is rightly his to control.

79.     PeopleConnect's illegal use has left him worried and uncertain about his inability to control how his name and personality is used. Mr. Wilson feels that PeopleConnect's use of his photograph and name is an alarming invasion of his privacy.

80.     Mr. Wilson is deeply uncomfortable in the knowledge that PeopleConnect is distributing his name and photographs as a minor child publicly on the Internet for a commercial purpose to a worldwide audience. Mr. Wilson believes PeopleConnect's illegal actions encourage and enable stalking and pedophilic behaviors.

## VI.  CLASS ACTION ALLEGATIONS

81.     Plaintiffs asserts claims on behalf of themselves and a class of current and former Ohio residents who are not subscribers of Classmates.com and whose names, photographs, and/or personal information PeopleConnect extracted from yearbooks and incorporated into the yearbook database PeopleConnect uses to promote Classmates.com subscriptions. Excluded from the proposed class are: Plaintiffs' counsel; PeopleConnect, its officers and directors, counsel, successors, and assigns; any entity in which PeopleConnect has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

82.     The members of the proposed class are so numerous that joinder of individual claims is impracticable. PeopleConnect represents that the Classmates Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the names and likeness of hundreds of individuals. PeopleConnect the names and photographs of millions of current and former Ohio residents to promote Classmates.com subscriptions.

83.     There are significant questions of fact and law common to the members of the class. These issues include:

a.      Whether PeopleConnect's misappropriation of names, photographs, and

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

personal information, and use of that information in the advertising techniques described in this Complaint, constitutes the commercial use of aspects of individuals' personas without previous written consent within the meaning of Ohio Rev. Code § 2741.02;

b.      Whether PeopleConnect solicited and obtained written consent from Plaintiffs and the Class prior to using their personas in advertisements promoting its website, as required by Ohio Rev. Code § 2741.02;

c.      Whether PeopleConnect's use of Plaintiffs' and Class Members' personas in advertisements falls within the exceptions for "material that has political or newsworthy value" or for "broadcast or reporting of an event or topic of general or public interest" within the meaning of Ohio Rev. Code § 2741.09;

d.      Whether PeopleConnect's commercial use of names, likenesses, and personas was "knowing," such that Plaintiffs and the Class are entitled to treble damages under Ohio Rev. Code § 2741.07;

e.      Whether PeopleConnect's conduct described in this Complaint violates Ohio common law prohibiting misappropriation of a name or likeness; and

f.      Whether Plaintiffs and Class are entitled to the injunctive, declaratory monetary, and other relief requested in this Complaint.

84.     Plaintiffs' claims are typical of those of the proposed Class. Plaintiffs and all members of the proposed Class have been harmed by PeopleConnect's misappropriation and misuse of their identities, names, photographs, images, likenesses, personas, and personal information.

85.     The proposed class representatives will fairly and adequately represent the proposed Class. The class representatives' claims are co-extensive with those of the rest of the Class. Plaintiffs are represented by qualified counsel experienced in class action litigation of this nature.

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

86.    A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning PeopleConnect's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

87.    The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. PeopleConnect has acted on grounds generally applicable to the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

88.    The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

**FIRST CAUSE OF ACTION**
**Violation of Ohio's Right of Publicity Statute**

89.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

90.    Ohio's right of publicity statute prohibits the use of "any aspect of an individual's persona for a commercial purpose" without "first obtain[ing] written consent." Ohio Rev. Code § 2741.02.

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

91.     By engaging in the forgoing acts and omissions, PeopleConnect used aspects of Plaintiffs' and Class Members' personas, including their names and personal information, for commercial purposes without consent. These aspects of Plaintiffs' and Class members' personas have commercial value as evidenced by PeopleConnect's commercial use and similar use by its competitors. *See* Ohio Rev. Code § 27401.01.

92.     Each use of a Class Members' photograph and personality is a separate and distinct violation of Ohio Rev. Code § 2741.02.

93.     Plaintiffs and Class Members are individuals whose domiciles or residences are or were in Ohio. *See* Ohio Rev. Code § 2741.03.

94.     Ohio Rev. Code § 2741.07 provides that a person who violates the statute is liable at the plaintiff's election for either (a) "statutory damages in the amount of at least two thousand five hundred dollars and not more than ten thousand dollars," or (b) "[a]ctual damages, including any profits derived from and attributable to the unauthorized use." The statute also provides for "punitive or exemplary damages" if applicable.

95.     The statute authorizes treble damages against "the owners . . . of any medium used for advertising" "who has knowledge of the unauthorized use of the persona." Ohio Rev. Code §§ 2741.02(E) & 2741.07(D)(2). PeopleConnect owns and operates the website www.classmates.com, which is the medium on which it distributes the illegal advertising that is the source of this Complaint. PeopleConnect knows it is using Plaintiffs' and Class Members' personas as described in this Complaint.

96.     The statute authorizes the award of "reasonable attorney's fees, court costs, and reasonable expenses." Ohio Rev. Code § 2741.07(D)(1).

97.     As a result of PeopleConnect's violations of Ohio Rev. Code § 2741.02, Plaintiffs and the Class have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiffs and Class Members have been denied the commercial value of their personas, which PeopleConnect misappropriated without compensation to Plaintiffs and the

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Class. Plaintiffs and Class Members were denied their statutorily protected right to refuse consent and protect their privacy. Plaintiffs and Class Members suffered emotional disturbance from the misappropriation and misuse of their personas

98.     Plaintiffs on behalf of the Class seek: statutory damages; in the alternative, actual damages, including PeopleConnect's profits from its misuse and compensatory damages for the royalties PeopleConnect failed to pay; treble damages in light of PeopleConnect's knowing misuse; punitive damages; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting PeopleConnect's illegal conduct; and declaratory relief.

<u>**SECOND CAUSE OF ACTION**</u>
**Violation of Ohio Common Law Tort – Misappropriation of Name and Likeness**

99.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

100.    Ohio common law recognizes the tort of appropriation of a name or likeness. The tort creates a cause of action for the "appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *James v. Bob Ross Buick, Inc.*, 167 Ohio App. 3d 338, 342 (Ohio Ct. App. 2006) (quotation omitted).

101.    By engaging in the forgoing acts and omissions, PeopleConnect misappropriated Plaintiffs' and Class Members' names and likenesses for its own commercial benefit.

102.    As provided for under Ohio common law, Plaintiffs on behalf of the Class seek monetary recovery in the amount of the commercial benefit PeopleConnect derived from its misuse of their likenesses, as well as the entry of an injunction prohibiting PeopleConnect's tortious acts.

**VII.  PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A.     For an order certifying the proposed Class and appointing Plaintiffs and their counsel to represent the Class;

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

B.      For a declaration that PeopleConnect's acts and omissions constitute a knowing misappropriation of names, likeness, personal information, and personas in violation of Ohio law;

C.      For nominal damages awarded in recognition of PeopleConnect's violation of the statutorily protected property and privacy rights of Plaintiffs and the Class;

D.      For preliminary and permanent injunctive relief enjoining and preventing PeopleConnect from continuing to operate its Classmates.com website without appropriate safeguards to ensure people's names, photographs, and personas are not used illegally without their consent;

E.      For an order enjoining Classmates from continuing the unlawful and unfair conduct described in this complaint;

F.      For restitution for Plaintiffs and Class Members for the value that Defendants derived from misappropriating aspects of their personas;

G.      For an award of damages, including without limitation damages for actual harm, profits earned by Classmates in using misappropriated photographs to sell subscriptions and yearbook reprints, reasonable royalties for the infringement of Plaintiffs and Class members' intellectual property rights; and statutory damages;

H.      For an award of reasonable attorneys' fees and costs incurred by Plaintiffs and the Class members; and

I.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1

## VIII.  DEMAND FOR JURY TRIAL

2
Plaintiffs hereby demand a trial by jury.

3
RESPECTFULLY SUBMITTED AND DATED this 6th day of January, 2022.

4
TURKE & STRAUSS LLP

5
By:  /s/ Samuel J. Strauss, WSBA #46971

6
Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com

7
613 Williamson St., Suite 201
Madison, Wisconsin 53703

8
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423

9

10
*Attorney for Plaintiffs and the Proposed Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com