UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALYSSA IZZO and JOHN WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLECONNECT, INC.,<br><br>Defendant. | CASE NO. C22-16 MJP<br><br>ORDER DENYING PLAINTIFFS' MOTION TO QUASH |

This matter comes before the Court on Plaintiffs' Motion to Quash Subpoenas Served on Plaintiffs' Counsel. (Dkt. No. 45.) Having reviewed the Motion, Defendant's Response (Dkt. No. 46), the Reply (Dkt. No. 49), and all supporting materials, the Court DENIES the Motion.

## BACKGROUND

Plaintiffs Alyssa Izzo and John Wilson filed this action against Defendant PeopleConnect, Inc., alleging that its use of their names, persona, and personal information on its website, Classmates.com, violates Ohio law. (Complaint ¶ 22 (Dkt. No. 1).) Although Plaintiffs

allege that they never access the Classmates.com website, the Complaint contains allegations about how their likeness is used on the website. (See id. at ¶¶ 5-8.) The Complaint also alleges that counsel took screenshots of the Classmates.com website in preparing the complaint, and that they are willing to file the screenshots in an amended complaint. (Id. ¶ 38.)

Following a stay pending the outcome of appeals in a related case, Boshears v. PeopleConnect, Inc., C21-1222 MJP (W.D. Wash.), PeopleConnect expressed its desire to investigate and potentially move to compel arbitration of Plaintiffs' claims. (Joint Status Report at 5 (Dkt. No. 32).) PeopleConnect believes that Plaintiffs may have to arbitrate their claims because counsel used Classmates.com's website to take screenshots and gather information in support of the claims, and that counsel did so only after accepting PeopleConnect's Terms of Service that contain an arbitration clause. (Id.) PeopleConnect has identified two specific agency theories: (1) "Plaintiffs must arbitrate if their attorneys had implied actual authority to agree to the Classmates.com Terms of Service on Plaintiffs' behalf as part of their attorneys' authority to investigate and prosecute their claims"; and (2) "Plaintiffs must arbitrate, even if their attorneys did not have authority to agree to the Terms of Service on their behalf, if they knowingly accepted the benefits from, failed to repudiate, or exhibited conduct adopting their counsel's agreement to arbitrate, thereby ratifying that aspect of the Terms of Service." (Joint Submission at 2 (Dkt. No. 31).)

Following the Ninth Circuit's decision in Boshears v. PeopleConnect, Inc., No. 22-35262, 2023 WL 4946630, at *1 (9th Cir. Aug. 3, 2023), PeopleConnect moved for permission to engage in arbitration-related discovery on five topics:

(1) "The timing of when Plaintiffs entered into agency relationships with their attorneys";

ORDER DENYING PLAINTIFFS' MOTION TO QUASH - 2

(2) "The scope of Plaintiffs' attorneys' authority as Plaintiffs' agents and whether that included the authority to bind Plaintiffs to arbitrate";

(3) "Whether Plaintiffs took steps to ratify their attorneys' agreement to arbitrate, such as accepting the benefits of their attorneys' actions on Classmates.com or failing to repudiate those action";

(4) "Plaintiffs' use of Classmates.com and whether they have agreed to the Terms of Service themselves"; and

(5) "The circumstances of Plaintiffs' purported opt-out of their arbitration agreement."

(Dkt. No. 31 at 4-5.) The Court approved discovery on these five topics. (Order on Joint Submission Regarding Request for Arbitration Discovery (Dkt. No. 33).)

PeopleConnect served discovery requests on the named Plaintiffs and took their depositions. (Declaration of Raina C. Borrelli at Exs. A-F, Q-R (Dkt. No. 44).) Plaintiffs' written responses and testimony confirm they have not used the Classmates.com website, and that they do not know whether, when, or how their attorneys have used the Classmates.com website to prepare the allegations in the Complaint. (Id. at Exs. C, F.) And Plaintiffs have stated that they have never authorized or directed their attorneys to agree the Terms of Service. (Id.)

PeopleConnect served deposition and document subpoenas on counsel for Plaintiffs, Benjamin Osborn and Samuel Strauss. (Borrelli Decl. at Exs. K-N.) Counsel responded to the document requests, noting that all non-privileged documents responsive to the subpoena have been produced by Plaintiffs, and that counsel "never accessed Defendant's website in connection with this litigation." (Id. at Exs. O-P.) Counsel objected to the deposition subpoenas. (Id. at Ex. H.) Plaintiff have now moved to quash the subpoenas, but they offer to respond to depositions on written questions as a compromise, on the following topics:

ORDER DENYING PLAINTIFFS' MOTION TO QUASH - 3

  (1) The names and addresses of the agent(s) who accessed Classmates.com to prepare Ms. Izzo and Mr. Wilson's complaint;

  (2) When those agent(s) accessed Classmates.com to prepare the complaint;

  (3) The email address associated with the account those agent(s) used to access Classmates.com to prepare the complaint;

  (4) The purpose for which those agent(s) created the account used to access Classmates.com to prepare the complaint;

  (5) What information those agent(s) took during their access of Classmates.com that was used in the complaint; and

  (6) What those agent(s) understood the scope of their authority to be with respect to binding Ms. Izzo and Mr. Wilson to arbitrate his claims.

(Mot. at 9.) PeopleConnect opposes this compromise.

## ANALYSIS

The Court finds no basis to quash the subpoenas issued to counsel.

In general, discovery from an attorney representing a party should be permitted only in limited circumstances. See Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). The Court typically will allow a deposition of counsel only when: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Id. (citation omitted). In applying this rule, the Court notes that it has expressly permitted PeopleConnect to conduct discovery into the question of arbitrability, which turns on its theory that counsel acted as Plaintiffs' agent and bound the client to their agreement of the Terms of Service. (Order on Joint Mot. (Dkt. No. 33).) The Court's Order as to discovery includes discovery into "[t]he scope of Plaintiffs' attorneys' authority as Plaintiffs' agents and whether that included the authority to bind Plaintiffs to arbitrate" as well as Plaintiffs' "attorneys' agreement to arbitrate[.]" (Joint Mot.

at 4 (citing <u>Knapke v. PeopleConnect, Inc.</u>, 38 F.4th 824, 834 (9th Cir. 2022)); Order on Joint Mot. at 1-2.)

The Court finds that PeopleConnect should be permitted to depose counsel consistent with Court's Order allowing arbitrability discovery. PeopleConnect is entitled to develop factual information concerning how and when counsel accessed Classmates.com to prepare the Complaint and the counsel's understanding of their scope of authority to bind their clients. This information is both relevant and crucial to the question of arbitrability and PeopleConnect has demonstrated that it is otherwise unable to obtain this information. The Court finds that PeopleConnect has satisfied the exception set forth in <u>Shelton</u>, 805 F.2d at 1327. And while Plaintiffs' offer of a deposition on written questions is reasonable, the Court finds that it unduly limits development of a complete record on this issue. The Court will therefore permit PeopleConnect to question Plaintiffs' counsel on all six topics outlined by Plaintiffs:

(1) The names and addresses of the agent(s) who accessed Classmates.com to prepare Ms. Izzo and Mr. Wilson's complaint;

(2) When those agent(s) accessed Classmates.com to prepare the complaint;

(3) The email address associated with the account those agent(s) used to access Classmates.com to prepare the complaint;

(4) The purpose for which those agent(s) created the account used to access Classmates.com to prepare the complaint;

(5) What information those agent(s) took during their access of Classmates.com that was used in the complaint; and

(6) What those agent(s) understood the scope of their authority to be with respect to binding Ms. Izzo and Mr. Wilson to arbitrate his claims.

# CONCLUSION

In order to fully vet the question of arbitrability and allow PeopleConnect to develop facts that cannot be obtained through other means, the Court DENIES the Motion to Quash and permits limited depositions to proceed on the topics outlined above.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 18, 2024.

Marsha J. Pechman
United States Senior District Judge